### JOHN F. SWAIN *v.* WM. A. ALCORN.

1. MOTION AGAINST A SHERIFF — BOND OF INDEMNITY — REPLEVIN. — The effect of the law (Rev. Code of 1871, §§ 844 and 845) is to transfer to the obligors in the bond of indemnity the responsibility which, at common law, rested upon the sheriff for an illegal seizure of property not liable to the writ.    In cases where, at common law, the owner of property so seized could recover damages against the sheriff, the suit upon the bond is substituted for that in the name of the obligee, and for his use.    And this substitution is a bar to any action against the sheriff, unless the obligors on the bond shall be or become insolvent, or the levy be otherwise invalid.    It is the duty of the sheriff, after taking the bond of indemnity, to proceed to sell the property, unless it be taken out of his hands by legal process.    The claimant may litigate his right to the property in an action of replevin, and, if he fails, he is precluded from any action against the sheriff.    Where a motion is made against the sheriff for a failure to make the money on a *fi. fa.*, and he answers that he levied on the only property liable to be taken, and that that had been taken out of his hands by paramount legal process, that will be a sufficient answer.

ERROR to the Circuit Court of Tallahatchie County.   Hon. E. S. FISHER, Judge.

Plaintiff in error recovered a judgment in the justice's court against one Thomas Minter, had execution issued and placed in the hands of defendant in error, as sheriff, with directions to levy the same on certain personal property in the possession of Minter, which was accordingly done.   Doubts arose as to the right of the property, and defendant took an indemnifying bond.   Bellary claimed the property, and instituted an action of replevin against the sheriff (this defendant) for its recovery, and took the property into possession.   The sheriff returned the execution, indorsing the facts.   A motion was made against defendant in error; the motion was sustained in the justice's court, and judgment rendered for the debt, interest, cost and damages; the sheriff (defendant), appealed to the circuit court, where the same was tried, and a judgment rendered against plaintiff in error; and the case comes to this court on a writ of error.

*Fitzgerald & Marshall*, for plaintiff in error :

The sheriff having taken the bond from the plaintiff in execution, indemnifying him for the seizure and sale of the property, was bound to use all the means in his power to hold the property, sell the same, and apply the proceeds to the execution.

The late high court, in the case of Moore et al. v. Allen et al., 3 Cushman, 375, say : "The object in allowing the plaintiff in execution, his attorney or agents, to execute a bond of indemnity to the sheriff in any case, is to transfer the liability to which he subjected himself by the seizure and sale of the property under the execution, to the person executing the bond.   The statute which authorizes the officer in demanding an indemnifying bond, is Code of 1871, §§ 844–45.   It throws all the liability and responsibility of the officer upon the obligors in the bond.

The sheriff receiving the bond of indemnity is bound to sell. Stone v. Pointer, 5 Munf., 290.

Replevin is likened to trover. See Burrage v. Melson et ux., 44 Miss., 245 ; 4 S. & M., 153 ; 7 How. (Miss..), 47.

*W. S. Eckford*, for defendant in error :

The intent of the act is to protect the sheriff from any damages in the levy or sale of the property, in cases where he may have a doubt as to the right of the property, to require the plaintiff in execution to assume such risk in demanding of him a bond of indemnity. Rev. Code 1871, § 845.

The policy of the law is to relieve the sheriff of the responsibility, and to lessen his official burden.

Our statute giving the action of replevin is very broad, and certainly is not cut off by the execution of a bond of indemnity by the plaintiff in execution. Yarborough v. Harper, 3 Cush., 112 ; Ford v. Dyer, 4 ib., 243 ; Hopkins v. Drake, 44 Miss., 619.

The second ground for the motion was removed by the amended return of the sheriff, made in the circuit court, showing that the defendant in execution had no other property subject to levy.

SIMRALL, J., delivered the opinion of the court :

The only point raised in this case is, whether a sheriff, who has levied an execution upon personal property, and has been deprived of the possession by writ of replevin at the suit of a claimant, is liable for the debt and damages on the motion of the judgment creditor. It is contended by counsel for the plaintiff in error, that inasmuch as the sheriff had demanded and received a bond of indemnity, he is so liable.

In proceeding to execute the writ of *fieri facias*, the sheriff often encounters doubts and embarrassments touching the title to the property seized, suggested by his own information, or arising from a claim set up by a third person. For his own safety, it becomes important that it should be determined in advance of a sale, whether the property taken is subject to the writ, or that the officer should be indemnified. At the common law, the sheriff may take an indemnity from the plaintiff. It was intimated in Cooper,

assignee, etc., v. Chitty et al., 1 Burr., 37, that "possibly the court of law might interfere, if the sheriff was reasonably doubtful about the property." He could undoubtedly, by filing a bill in chancery against the parties concerned in interest, oblige them to interplead, in order to ascertain to whom the property belongs. Ibid. Although the sheriff took an indemnity from the plaintiff, that did not exempt him from suit, as a trespasser, by the true owner of the property. It, in no degree exempted him from responsibility to such owner. The statutes of this state were framed with the idea of giving the sheriff complete protection in taking under legal process personal property, in cases of doubt as to the ownership, by giving to the bond of indemnity a broader effect than it had at the common law. The effect of §§ 844, 845 (Code of 1871), is to transfer to the obligors of the bond the entire responsibility which rested at the common law upon the sheriff, for an illegal seizure of property not liable to the writ, so that wherever the owner of the property at the common law could recover damages against the sheriff, the suit upon the bond is substituted for that, in the name of the obligee for his use. This substituted remedy is in lieu of the common law action against the sheriff, and in absolute bar of it, "unless the obligors on the bond shall be or become insolvent, or the bond be otherwise invalid." § 845.

After such indemnifying bond has been given, it is the duty of the sheriff to proceed to a sale unless he has been deprived of the possession of the property by some legal proceeding.

Because the person who may claim to, and in reality is the owner, is protected by the indemnifying bond, and may sue upon it; that does not cut him off from the remedy provided in §§ 859, et sequiter; of propounding his claim, executing bond and trying the "right of property;" or if he prefers it, of bringing the original action of replevin. (Hopkins v. Drake, 44 Miss., 621; Yarborough v. Harper, 25 Miss., 112; Ford v. Dyer, 26 Miss., 243), against the sheriff. If in either of these modes, a

claimant litigates his right to the property and fails, he would be thereby concluded from suing on the bond of indemnity.

He may let the sale go on and sue upon the bond of indemnity and recover the value and incidental damages, for withholding the possession, or he may make the claim and try his right under the statute or in the action of replevin.

It is argued by counsel for the plaintiff in error, that if the sheriff has been indemnified, he is bound (if a claimant sues in replevin), to give the bond, which entitles him, as defendant, to retain the property, and then he must proceed and make sale under the execution, and if he does not, he is liable to the motion under the statute, for failing to return the process. This position is founded in a misconception of the statutes, and is untenable.

If the claim is preferred under the statute, the sheriff is required at once to desist and to return the affidavit and bond of the claimant with the writ, in order that the issue may be made up and trial had. If the property is taken by the writ of replevin, it is not made his duty to give bond and keep the possession. He may safely rely upon the plaintiff's bond as ample security for the property, and await the judicial determination as to the ownership. It is the "privilege" of the defendant to give the bond if he prefers and elects to do so, § 133, Code of 1871, and not compulsory. If this statute is complied with, his rights are amply secured by the bond of the plaintiff.

The manifest policy of our law is, that any person claiming to be owner, may test his right and if it is propounded in either of the modes indicated, the judgment creditor must wait until it be judicially determined to whom the property belongs. The law does not intend that one man's property shall be sold to pay another's debt. The return of the sheriff, in this case, set forth as reasons why he did not proceed to complete execution by a sale, that the property had been taken out of his possession by the writ of replevin at the suit of George W. Bellamy, trustee, and that defendant, Minter, had no other property.

The bailee is excused, if whilst the bailment continues, the property is taken out of his possession by process of law. This obedience to legal authority exonerates him from blame. Besides, he has lost the possession compulsorily. In Edson v. Weston, 7 Cow., 280, the defense was sustained that the horse and harness in question had been taken from the defendant, to whom they had been bailed by the sheriff under execution, etc. See also Irion v. Hume et al., decided at this term.

If the view urged by the plaintiff in error be sound, viz, that the sheriff was bound to give bond, retain the property, and make the sale, then he would be left in the predicament of an undecided controversy with Bellamy as to the ownership. If Bellamy succeeded in establishing his right, then the sheriff as defendant in replevin would have been compelled to respond for the value of the property and damages, and would have no other recourse upon the plaintiff than a suit upon the bond of indemnity.

We think that the taking of the mules from the sheriff under the writ of replevin, arrested the further action until that suit was decided. If the plaintiff failed, the mules would be restored to the sheriff, or their value, and damages, to be applied towards the satisfaction of the creditor's payment. If the plaintiff succeeded, then the sheriff was relieved from all responsibility, since he had lost the property by paramount authority.

The motion for a failure to return an execution contemplated by § 282 of the Code of 1871, applies to a default of the sheriff, arising from his own wilfulness or negligence. and not to a case where he has been hindered and arrested in the execution of the process, by legal authority as by injunction, by a claim of property according to the statute or the writ of replevin.

The judgment of the circuit court is in accordance with these views, and it is affirmed.