## A. A. SHATTUCK, use etc. *v.* JOHN N. MILLER.

1. PRACTICE — BOND OF INDEMNITY — DAMAGES — HOW RECOVERED.— Where a bond is executed by the plaintiff in execution to indemnify the sheriff against any damage that may accrue to the claimant, the remedy to recover damages sustained by reason of the levy, is on the bond of indemnity, and not in the claimant's issue. Where a levy is made upon personal property, which is claimed by another, who presents an issue to try the right of property, that issue does not involve the ques-

tion of damages, nor does it preclude the plaintiff from a resort to the bond of indemnity to the sheriff for damages resulting from the unlawful levy upon the goods.

2. SAME — SAME — SUIT ON THE BOND — PARTIES. — The bond of indemnity imputes to the obligors of the bond the entire responsibility which rested at the common law, upon the sheriff for an illegal levy upon personal property, and is in substitution and bar of a suit against the sheriff, unless the obligors shall be or become insolvent, or the bond would be otherwise invalid, and suit may be brought and maintained against any one or more of the parties on any bond. The justice's court has jurisdiction to render judgment on the bond to the amount of $150, though the bond may be for a larger sum.

ERROR to the Circuit Court of Colfax County. Hon. J. A. ORR, Judge.

P. H. Pepper & Co., recovered a judgment against Joseph Jacobson, execution was levied on personal property claimed by C. Jacobson, wife of defendant, who gave bond and took possession of the property. Issue was presented, the right of the property tried and judgment for claimant. In the time of the levy, the sheriff had taken a bond to indemnify, with J. N. Miller as surety.

After the case was decided in the circuit court, the claimant, C. Jacobson, brought suit in the justice's court on the bond of indemnity, for damages resulting from the seizure of the property. The justice of the peace dismissed as to Pepper and rendered a judgment against Miller, the surety, for $65. Miller appealed to the circuit court, there moved to dismiss, the court sustained the motion and dismissed the cause, and it comes to this court upon writ of error.

*Beckett & Little*, for plaintiff in error :

1. The defendant's first ground in his motion to dismiss on account of previous adjudication, is we think settled in Colby v. Yates, lately decided at the October (special) term 1873 of the supreme court of Tennessee, at Jackson, Tenn. The court there say that in replevin, the suit as to detention, being decided without

reference to the damages, a separate action may afterwards be brought for the damages. This claimant's issue is similar in nature to replevin and *detinue*, and under Rev. Code of 1871, sec. 845, a separate action is perhaps the appropriate remedy.

2. Defendant's second ground, that suit is dismissed as to principal on the indemnifying bond, and prosecuted against surety, is we think, rendered untenable by Lillard v. The Planters Bank, 3 How. R., 78 ; S. P. Pool v. C. & A. S. Hill et ux, 44 Miss. R., 306 ; and Wilkinson et al. v. Flowers et al., 8 Geo., 579.

3. There is a more serious question not raised in defendant's motion, viz: That the penalty of the bond put in suit exceeds $150. Our state constitution, art. 6, sec. 14, expressly confines the jurisdiction of circuit courts in civil cases to causes where the principal amount in controversy exceeds $150. Rev. Code 1871, sec. 1302, gives justices jurisdiction of actions for the recovery of damages, where the amount of demand does not exceed $150. Sections 844 and 845 contemplate that the plaintiff shall recover the damages sustained by him without reference to the penalty of the bond. Plaintiff fixes the amount actually in controversy by his pleadings and bill of particulars, and the objection should not come from defendant, that plaintiff claims too little. If the penalty of the bond fixed the jurisdiction, such bonds might be taken for each $150 or less, and the justice courts deciding without reference to the penalty, might render judgments for amounts largely exceeding $150, and the circuit courts, on the other hand, for amounts falling far below their constitutional jurisdiction, thus invading each the province of the other on technicalities, and in the latter case, at enormous and unnecessary expense for small amounts. These bonds are intended to cover the value of the property as well as damages for its detention, and we think sec. 666, Rev. Code 1871, only applies where the full amount of the penalty is claimed and in controversy, else it would conflict with art. 6, sec. 14 of the constitution, and also compel litigants to allege amounts not just and not claimed.

4. The circuit court should have dismissed defendant's appeal, as the penalty of his appeal bond was only $130 instead of $.00, as required by law. Rev. Code 1871, sec. 1332.

*Barry & Brown*, for defendant in error:

There are three questions presented in the case. 1. Was it proper to dismiss, as to the principal in the bond, and proceed against the surety ? 2. As the penalty of the indemnifying bond was over $150, did the justice's court have jurisdiction ? 3. After the trial of the matter in the circuit court on the claimant's issue, was it not *res adjudicata*, and was it competent to prosecute another suit for damages ?

1. We refer to the record, in which no excuse is given for dismissing the suit as to the principal. The presumption is that the obligors resided in Colfax county, where the bond was executed. In the justice's court the pleadings are oral. If the principal was living and within the jurisdiction of the court, the surety could not be sued alone. The action of the court below is presumed to be correct. Grant v. Planters' B'k, 4 How., 326; Long v. Shackleford, 3 Cush., 559; Steadman v. Holman, 4 George, 550; 44 Miss., 413.

2. Section 845, Code 1871, authorizes a suit on such a bond in any court having jurisdiction; and gives such damages as he may sustain, whether the same shall extend to the penalty or not. The language of this section does not support plaintiff's position. Under this section the justice had no jurisdiction, as the bond exceeded $150, and we know of no statute that changes the well known rule.

3. We insist that the decision in the claimant's case was an adjudication of the matter, whether damages were claimed in that trial or not. The bond is conditioned to indemnify the sheriff, and pay any person claiming the property any damages they may sustain.

Section 861, Code 1871, that such trial shall be " governed by the *same rules which regulate and govern the trial of an issue in an*

*action of detinue*; again, the final *judgment* on any such issue shall have the *like effect* on the rights of the parties thereto, as if the same had been given in an action of *detinue*. In *detinue* the judgment is in the alternative that the plaintiff recover the goods, or the value thereof, if he cannot have the goods, *and his damages.* 2 Humph., 59; 3 B. Mon., 313; Dana, 58; Tidd's Practice, 931.

For the doctrine of former adjudication, see Agnew v. McElroy, 10 S. & M., 552; Johnson v. White, 13 S. & M., 584.

The objection to the bond is raised here for the first time. That is too late. Russell v. Knowles, 4 How., 90; Dixon v. Doe, 1 Cush., 84; Hatch v. Roberts, 41 Miss., 92.

SIMRALL, J., delivered the opinion of the court.

A bond of indemnity had been given to the sheriff, who had levied on personal property which was claimed by Mrs. Jacobson. Upon trial of the claimant's issue, the verdict and judgment was in her favor.

She and her husband then brought suit before the justice of the peace, on the indemnifying bond given to the sheriff (which was in the penalty of $500), for the illegal levy on her property, and damages for its detention. She recovered sixty-five dollars. The defendant appealed to the circuit court. A motion had been made by Miller, the defendant, in the justice's court, to dismiss the suit, because the plaintiff had discontinued as to Pepper, the principal, and because the plaintiff should have proved his damages in the circuit court.

In the circuit court, Miller, the appellant, renewed the motion, on substantially the same grounds.

First. Because it appears from the record and proceedings in the cause, that the same has been previously adjudicated.

Second. Because the suit had been dismissed as to the principal:

This motion was sustained, and the judgment was, that Miller, the appellant, go hence, etc., and recover his costs.

The question proposed to be made in the first ground of the

motion, and which has been discussed by counsel is, that if any damages accrued to the claimant by reason of the levy upon her property, that was involved in the trial of the claimant's issue, and if not insisted upon and allowed in that suit, the claimant is thereby concluded and cut off from a remedy in the bond of indemnity to the sheriff.

To determine whether a particular matter has been concluded by a former adjudication, the inquiry is, whether it was involved, or could have been, if insisted upon in the former suit. If that suit included within its remedial power, the subject matter of the second suit, then it has become *res adjudicata.* For the law does not tolerate the splitting up of a cause of action, and a separate suit on the fragments. Agnew v. McElroy, 10 S. & M., 554, 5, 6; Hitchin v. Campbell, 2 Wm. Black, 830. If it was competent in the claimant's suit to consider of the illegal seizure and detention of Mrs. Jacobson's property, and to give compensatory damages therefor, then within the rule that adjudication becomes conclusive.

When the property has been claimed, and bond executed, the execution "to an amount equal to the value of the property" is. stayed until a final decision of such claim. And upon subsequently issued executions, the clerk shall indorse "such estimated value for the government of the officer" (sheriff). § 859, code 1871. Section 861 directs that the trial of "such issue" shall be governed by the same rules that regulate the trial of an issue in *detinue.* The judgment shall have the like effect as in that action. If the jury find for the plaintiff in execution, they shall assess the true value of the property, and shall certify whether the claim was made for fraudulent purposes or for delay. The court shall render judgment for the property * * or its value as assessed by the jury, and costs; and the damages, by way of penalty, if the claim was fraudulently made. §§ 861, 862. Without further analysis of the statute, this is the fair result; being a specific remedy, unknown to the common law, it must be

strictly followed. The purpose is in a speedy and simple mode, to try the single question, whether the property is liable to the judgment and execution; if that issue is decided for the plaintiff in execution, then he gets a judgment for the property, or its value and costs; if for the claimant who has already replevied the property, the judgment is that he go hence without day and recover his costs.

It is governed by the rules that regulate the action of *detinue*, as to the mode of trial and form of verdict and judgment. But there is not included in it, as in *detinue*, damages for the detention. The creditor has no title or interest in the property. It can not be affirmed that he has by virtue of any ownership taken the goods. He has done no more than to cause their seizure, as the defendant's property, in satisfaction of his judgment. In *detinue*, damages for the detention, may be as large in amount as the value of the thing, since they accrue from the beginning of the unlawful detention, and may run through several years. But the subject is regulated by statute, and we think that the cause of action of this suit was not involved in the claimant's issue, and the plaintiff is not precluded from a resort to the bond of indemnity to the sheriff, for damages, resulting from the unlawful levy upon her goods.

The second ground of the motion is the dismissal of the suit as to Pepper. The presumption is that it was proper so to do, if under any circumstances such action could have been proper. Duncan v. McNeil, 31 Miss., 706; Pool v. Hill, 44 Miss., 309. But suit may be brought against any one of the parties, on any bond, * * etc. Code 1871, § 2236. The next succeeding section requires suit to be joint against all parties to promissory notes and bills of exchange resident in this state."

The effect given by §§ 844, 845 of the Code, is to impute to the obligors of the bond of indemnity, the entire responsibility, which rested at the common law upon the sheriff, for an illegal levy upon personal property. Indeed the bond is in substitution

and bar of a suit against the sheriff, " unless the obligors shall be or become insolvent, or unless the bond would be otherwise invalid." § 845 of Code. Since, therefore, Mrs. Jacobson could have sued the sheriff in trespass, for damages incident to the unlawful taking and detention of her goods, at the common law; the redress for the trespass is by the statute upon the bond. As we have seen, redress for the tortious act of the levy was not included in the claimant's issue, and it would follow that the remedy was a suit upon the bond.

The question was not made in the circuit court, though pressed in this court, of the want of jurisdiction in the justice of the peace, because of the amount in controversy.

The amount in controversy is the principal of the sum *demanded.*

Did Mrs. Jacobson claim of the defendant the $500, the penalty of the bond, or was the sum really demanded — the $150 — as damages for the tortious act of the sheriff ?

The responsibility of the sheriff at common law, was for the injury inflicted by his trespass. In that sort of suit, the amount in controversy would have been the damages alleged to have been sustained, to wit, the $150. The obligors covenant in effect, that they will stand in the shoes of the sheriff, and will pay to the claimant all the damages which the sheriff has incurred. Technically, it is an action of debt upon the bond for a breach of one of its conditions. That breach is shown by proof of the illegal levy and the amount recovered could only be the damages therefor.

We think, therefore, that the real demand made by the plaintiff was the $150 damages, which sum is within the justice's jurisdiction.

But the point was not made in the circuit court, and we are not disposed to consider objections not made at *nisi prius*, if it can be avoided.

There was error in dismissing the appeal and annulling the judgment of the justice of the peace.

Judgment reversed, and cause remanded for a trial on the merits.