## J. W. SAUNDERS ET AL. *v.* C. R. JORDAN.

1. REPLEVIN. *Property seized under execution. Bond of indemnity.*
   Replevin lies against a sheriff for property seized by him under an execution, notwithstanding the plaintiff in execution has delivered to the sheriff a bond of indemnity.

2. SAME. *Chose in action. County warrant.*
   Replevin lies for an unindorsed county warrant. The difficulty in taking the chose in action does not affect the right to the remedy.

3. EXECUTION. *Chattels seized by sheriff. Claimant's remedy.*
   The better remedy, where chattels are seized under execution, is the claimant's issue.

ERROR to the Circuit Court of Clay County.

Hon. JAMES M. ARNOLD, Judge.

This was replevin, by J. W. Saunders and others against C. R. Jordan, for a county warrant, which was seized; and, the defendant declining, the plaintiffs gave bond and took the warrant. At the return term the plaintiffs filed their declaration, alleging that " the said defendant heretofore, to wit, on the 8th day of June, 1876, in Clay County, unlawfully detained certain goods and chattels of said plaintiffs, to wit, one warrant, No. 139, for $348, payable to A. A. Shattuck, or order, out of the judiciary fund of Clay County, of great value, to wit, of the value of $348." The defendant pleaded the general issue, and a special plea, that " he detains the property mentioned in said plaintiffs' declaration, as sheriff of Clay County, in the State of Mississippi, under and by virtue of an execution directed to him by the circuit clerk of Lowndes County, in favor of Mauss, Aull & Co., against A. A. Shattuck; and that, after the seizure of said property by him as said sheriff,

and before said plaintiffs commenced their action against him, said Mauss, Aull & Co., the plaintiffs in said execution, executed and delivered to him a good and valid bond of indemnity against all damages any person might sustain from the seizure and sale of said property." To this plea the plaintiffs demurred, on the ground that it presented no defence to the action. The demurrer was overruled, and the plaintiffs declining to reply, a judgment *nil dicit* was entered, with a writ of inquiry. The jury assessed the value of the warrant at $278.41, for which amount or the warrant there was judgment in the alternative. The plaintiffs brought up the case.

*Flaniken & Beckett*, for the plaintiffs in error.

1. Replevin will lie for an unindorsed county warrant. Code 1857, p. 395, art. 1; Code 1871, § 1528; 1 Bouv. Law Dic. 363; 12 Co. 1; 1 Atk. 182; 1 Chitty Pl. 162; Hilliard on Torts, §§ 12, 13, 23; Sedgwick on Damages, 563, 564; Code 1871, §§ 1529, 1532.

2. The bond of indemnity is, under our law, no bar to this action. *Swain* v. *Alcorn*, 50 Miss. 320; Code 1871, §§ 658, 659, 844.

3. The owner has his election to take the claimant's issue or adopt replevin. *Moseley* v. *Anderson*, 40 Miss. 49; *Hopkins* v. *Drake*, 44 Miss. 619; *Yarborough* v. *Harper*, 25 Miss. 112; *Ford* v. *Dyer*, 26 Miss. 243.

*Frank Johnston*, for the defendant in error.

1. A claimant cannot sue the sheriff in replevin where a solvent bond of indemnity has been given. Code 1871, §§ 845, 858; *St. Louis Railroad* v. *Castello*, 30 Mo. 124.

2. The demurrer should have been extended back to the declaration. Replevin will not lie for the warrant. *Clapp* v. *Shepard*, 2 Met. (Mass.) 131.

CAMPBELL, J., delivered the opinion of the court.

It is much to be regretted that it has repeatedly been decided by this court that replevin may be brought against a sheriff who has seized goods and chattels under execution or attachment. It is unfortunate that third persons claiming property seized under process have not been confined to the interposition of a claim as provided by the statute for the trial

of the right of property. Replevin against a sheriff for goods and chattels levied under execution is, in effect, a mere trial of the right of property; and, since it is conceded that a claim may be interposed and a trial of the right of property be had, notwithstanding an indemnifying bond was given to the sheriff, it is not perceived why replevin may not be brought in such case, which has the effect merely to test the right of the plaintiff to the property as against the process in the hands of the sheriff; and so it has been held. *Swain* v. *Alcorn*, 50 Miss. 320. It follows that the special plea is not a bar to the action, and that the demurrer to it was improperly overruled.

It is claimed that the demurrer should be extended to the declaration, because replevin will not lie for a chose in action. It is undoubtedly true that it may be found impracticable, generally, to execute the writ of replevin by taking a chose in action, because of non-access to it; but as the terms "goods and chattels" used in our statute, § 1528 of the Code, are broad enough to embrace choses in action, there seems to be no reason why replevin may not lie as well for a chose in action as for any other "goods and chattels." In this case all difficulty is removed by the identification of the warrant, and its delivery to the officer executing the writ of replevin.

A right to the possession of the thing sued for is sufficient to maintain replevin; and, although it is not averred that the warrant which is payable to the order of Shattuck was indorsed by him, it may be that the plaintiffs are entitled to the possession of it.        *Judgment accordingly.*