J. D. MCALLISTER, TRUSTEE, ETC., *v.* F. S. CLOPTON ET. AL.

INDEMNIFYING BOND. *On execution of fieri facias. Judgment in replevin. Res adjudicata.*

Where, in an action of replevin, under the Code of 1871, a judgment has been obtained against an officer for property levied upon by him under an execution, and also for damages and costs, the plaintiff in such action is not precluded by the judgment therein from maintaining an action upon the indemnifying bond given by the plaintiff in the execution for the protection of the officer to recover damages for the wrongful levy upon his property, no payment having been made upon the judgment for damages in the replevin suit. And the right to sue upon the bond in such case is not affected by the failure of the officer to shield himself from a judgment for damages in the replevin suit, as he might have done, under sect. 845 of the Code of 1871, by setting up in his defence the existence of the indemnifying bond.

APPEAL from the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

On the twenty-fifth day of July, 1879, an execution was issued by a justice of the peace, on a judgment in favor of T. H. Clopton, for the use of F. S. Clopton, against J. D. McAllister. It was levied by the constable, W. E. Love, upon a horse, as the property of the defendant; but the constable became uneasy about the levy, and required the plaintiff to furnish him an indemnifying-bond. Thereupon J. D. McAllister, as trustee for John McAllister, a minor, brought an action of replevin against Love, the constable, and at the October term, 1880, of the Circuit Court, obtained a judgment against him for the value of the horse levied upon, $20 as damages, and the costs of the action. J. D. McAllister, as trustee, then brought this action in the name of W. E. Love, upon the indemnifying, given the latter as above stated, and judgment having been rendered against him in the Circuit Court, he appealed to this court. The record contains no evidence as to the nature of the defence made by the constable in the action of replevin, and no evidence of any payment upon the judgment rendered in that case.

*G. J. Buchanan*, for the appellant.

The taking of the indemnifying-bond in no manner, as we conceive, affected the right of McAllister, trustee, under the then existing law (Code 1871), to bring his action of replevin for the property levied on. If such right existed, the judgment that he obtained was sufficient for the main purpose, to determine the right to the possession of the property. Such was the effect of the judgment. But what is to be done with the $129.50 of costs? The costs in such actions follow as an incident the judgment. The appellees, who made the indemnity-bond and forced the constable to make the levy, by reason of which the damage and costs accrue, are surely responsible. Is it necessary that an execution shall first issue under the replevin judgment and compel Love, the constable, to pay the costs before the appellees can be made liable on the

indemnity-bond?    It was this very hardship and circuity of
action that was designed to be obviated by the Code in pro-
viding for indemnity-bonds to be taken.    In accordance with
the ruling of the court in the case of *Shattuck* v. *Miller*, 50
Miss. 386, it may be admitted that it was competent for Love,
the constable, in the trial of the replevin suit, to have inter-
posed. the indemnity-bond against any attempt to recover
damages against him in that action.    That error, if an error,
can avail the appellees nothing.    The judgment for the re-
covery of the $20 damages in the action of replevin neither
lessened nor enlarged the liability of the appellees, for they
were not parties to that suit, and if it was not proper for the
court in that action to consider the question of damages,
the judgment was *coram non judice* as to that part of the sub-
ject-matter.    At the time of the institution of the replevin
suit (1879), the appellant was entitled to maintain that form
of action ; the costs of the suit were an incident to the judg-
ment ; the indemnity-bond was a bar to recovery of damages
against the constable ; the liability to pay such costs was fixed
upon the appellees by the replevin judgment.

*Murphy, Sykes & Bristow*, for the appellees.

The judgment of the Circuit Court was right.    By choosing
to proceed against the officer in replevin for damages result-
ing from the wrongful seizure and detention of the property,
the plaintiff precluded himself from any recovery on the bond
of indemnity for the same damages ; and Love, the officer, by
failing to plead the taking of the indemnity bond in bar of the
damages, waived his right to the statutory bar.    If the plain-
tiff brings his action against Love, in trespass or replevin, for
the damages sustained by reason of the wrongful levy, and
Love fails to set up the indemnity-bond as a statutory bar, it
is the same as if the bond did not exist. ˙ *De non apparentibus,
et non existentibus eadem est ratio.*    Code 1871, sect. 845.
The taking of the bond does not deprive the court of jurisdic-
tion of an action for damages against the officer, but merely
operates as a defence in bar of the action.    Code 1871, sect.

845. The judgment, therefore, against Love, for the damages here sued for, is a valid judgment, and the parties being in strict privity by Clopton's adoption of Love's wrongful seizure of the property, the matter is *res judicata*. Broom's Leg. Max. 329. The case of *Shattuck* v. *Miller*, 50 Miss. 386, is, we submit, conclusive of this case. In that case, instead of an action of replevin against the officer, a claimant's issue was brought, and it was claimed by the defendants in a suit on the bond of indemnity, subsequently brought, that as the damages (as they claimed) might have been recovered in the claimant's suit, it was in fact *res judicata*, according to the well-known rule. The court say (on page 391): "If it was competent in the claimant's suit to consider of the illegal seizure and detention of Mrs. Jacobson's property, and to give compensatory damages therefor, then within the rule that adjudication becomes conclusive." True, they hold that the issue in the claimant's suit does not include damages, and therefore the damages in that case were not *res judicata*. But the replevin suit in this case does include damages. They not only might have been recovered, but actually were recovered.

Let us adopt the language of this court in *Shattuck* v. *Miller*, quoted above, to this case: "If it was competent in the replevin suit to consider of the illegal seizure and detention of John McAllister's property, and to give compensatory damages therefor, and such damages were actually recovered in that suit, — then within the rule that adjudication becomes conclusive."

Chalmers, J., delivered the opinion of the court.

The judgment for damages against the constable in the replevin suit did not preclude a recovery against the obligors on the indemnifying-bond, though actual payment of such damages would have done so. The court had jurisdiction to award damages in that suit, and if none had been there awarded none could have afterwards been recovered in another proceeding. But the obligors on the indemnifying-bond were

liable, by its terms, for whatever damages might be sustained, whether awarded in the replevin suit or in a direct action against themselves. The constable might, in the replevin, have shielded himself from liability by filing or pleading the bond, as he was authorized to do by the statute (Code 1871, sect. 845), but his failure to do this in nowise affected the liability of those who, by the bond, had expressly made themselves liable. As the case stands the constable has become bound by the judgment which he has suffered to go against him, and the obligors on the indemnifying-bond are liable because they so contracted. The failure of the officer to obtain that release to which he was entitled cannot deprive the party aggrieved by the improper levy of that indemnity which the law provides and which the defendants here voluntarily assumed.

The case of *Shattuck* v. *Miller*, 50 Miss. 386, relied on by appellees, does not affect the result. In that case it was held that the failure of a claimant to obtain a judgment for damages upon the trial of the claimant's issue did not preclude his subsequent recovery of them in an action upon an indemnifying-bond, and this for the reason that damages are not recoverable upon the trial of a claimant's issue, but it does not follow from this, as seems to be supposed by counsel, that if damages were recoverable upon such an issue, and were actually awarded, a subsequent suit could not be brought on the indemnifying-bond to compel their payment. In replevin suits damages are recoverable. Therefore, if in such a suit the jury refuse to award them, the verdict is a bar to any other proceeding which seeks to obtain them; but if, on the other hand, they are awarded in the replevin suit, but are not collected under that judgment, the obligors on the indemnifying-bond can be made to respond by a direct action against them, just as is here attempted.

Judgment reversed, and new trial awarded.