JOHN ARMISTEAD v. J. H. BERNARD, TRUSTEE.

1. REPLEVIN. *For property sold under attachment. Section 2633, Code 1880, construed.*
   Section 2633 of the Code of 1880, which provides that "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment when a remedy is given to claim the property in some mode prescribed by law," does not prevent the bringing of replevin against the *purchaser* of property sold under execution or attachment, even though the plaintiff may have neglected to assert his claim while the property was held under such writ.

2. SAME. *Section 2633, Code of 1880, how applied.*
   The statute referred to has no application in a case where the defendant is not an *officer* holding the property under execution or attachment.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

This action of replevin was instituted on the 11th day of February, 1884, by J. H. Bernard, as trustee in a deed of trust, against John Armistead, to recover the possession of two mules. The defendant filed a plea in abatement, stating in substance these facts: The mules were seized in March, 1883, under a writ of attachment in a suit in the Federal court at Oxford, wherein Armistead & Lundee were plaintiffs and N. W. Ward & Co. were defendants, but they were delivered back to one of the defendants upon his giving bond as prescribed by the statute. W. E. and V. P. Still

were the sureties upon this bond, and they are the beneficiaries in the deed of trust under which the plaintiff now claims title to the mules. On the 24th of December, 1883, and after the maturity of the trust-deed under which the plaintiff claims, the Federal court rendered a judgment against the defendant in the attachment suit referred to and condemned the attached property to be sold for the satisfaction thereof. Accordingly, the marshal took possession of the mules in controversy, and after due advertisement sold them on the 11th of February, 1884, when they were bought by John Armistead, the defendant in this action, and delivered to him by the marshal.

To this plea the plaintiff demurred. The demurrer was sustained. The defendant then pleaded the general issue, and after a trial and rendition of judgment against him, he appealed to this court.

*Shands & Johnson*, for the appellant.

The plaintiff in replevin had a perfect remedy given by § 1774 of Code of 1880, " to claim the property by making claim to it " in the mode therein prescribed, and at no time was the action of replevin maintainable. Section 2633 of the code is mandatory, and the remedy given by 1774, when it lies, is exclusive. Executive officers armed with valid writs acquire exclusive rights to personal property seized unless their rights are successfully contested in the manner by this statute prescribed. Other statutes giving exclusive remedies are Code of 1871, § 1631 ; Acts of 1876, p. 113, § 10. These have been passed upon by this court, *Dogan* v. *Bloodsworth*, 56 Miss. 419 ; *Gibson* v. *Lock & Smith*, 58 Miss. 298. In the case at bar the plaintiff in replevin neglected the only remedy open to him, and his present action cannot be maintained against the officer seizing the property or against one claiming by virtue of the seizure.

*Oglesby & Taylor*, for the appellee.

We think the correct interpretation of § 2633 of the Code of 1880, taken in connection with §§ 1774 and 2460, if applicable to this case at all, is that if, when the attachment was levied on the mules, Still & Still, or their trustee in the trust-deed, could have

claimed the property, were in a condition to claim it, and failed to do so, then they could not afterward institute replevin because of § 2633. Sections 1774 and 2460 both show that the time for making the claim is before the return of the writ into court. The claim accompanies the writ into court, and reference is made to it in the officer's return. Section 2633 operates only against those who were in a condition to assert their claim in accordance with the foregoing sections and neglected to do so.

Neither the trustee nor the beneficiaries in the trust-deed being in a condition to claim the property, no penalty can be imposed for non action.

And we submit that in every instance where replevin for property has not been allowed in any given case, is where statutes have clearly provided for some other remedy and expressly fixed the time and manner for the assertion of the claim, which the litigant failed to observe.

COOPER, J., delivered the opinion of the court.

Section 2633 of the Code of 1880 only forbids the institution of an action of replevin to recover property held by an officer by virtue of an execution or attachment. It has no application to a controversy between private individuals, even though the defendant claims as a purchaser under a sale made by the officer.

While the property remains in the hands of the officer, the party must interpose his claim in the manner prescribed by the statute, but a failure to so present and prosecute his claim does not operate as a waiver of his title, which may be asserted against any party in whose possession the property may be thereafter found.

*Judgment affirmed.*