WOOLNER & LOWENSTEIN ET AL

*v.*

E. C. SPALDING, USE OF J. W. HEARD.

1. INDEMNIFYING BOND. *Given in attachment. Right of action thereon.* § 2633, *Code* 1880, *construed.*

Section 2633, Code of 1880, provides that, "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment, when a remedy is given to claim the property by making claim to it in some mode prescribed by law, but the person claiming must resort to the specific mode prescribed in such case, and shall not resort to the action of replevin." A third person whose property has been siezed in attachment as that of the defendant is not precluded by this statute from any appropriate remedy, except replevin while the property is in the hands of the officer having seized it. He may elect the remedy provided by the statute, but he is not restricted thereto.

2. SAME. *Given in attachment. May be sued on, when.*

An indemnifying bond in attachment operates to transfer from the sheriff to the obligors therein responsibility for the trespass of the former, and it may be proceeded on as soon as injury has been inflicted and a cause of action has arisen, without regard to the stage of the proceedings in attachment.

3.  SAME.  *Unlawful siezure in attachment.  Measure of damages.*

In an action upon an indemnifying bond by a third person, whose goods have been seized in attachment, and sold as perishable property by the officer to whom such bond was given, the plaintiff if entitled to recover is not limited to the amount for which the goods were sold, but may recover the real value thereof when converted—the proceedings in attachment being, as to him, *res inter alios acta.*

4.  EVIDENCE.  *Hypothetical question.*

In proving the value of a stock of goods, a question based on a hypothetical condition of things as to such stock of goods, not shown to have existed, is incompetent.

APPEAL from the Circuit Court of Clay County.

HON. W. M. ROGERS, Judge.

In December, 1886, A. H. Fox, a merchant, made an assignment of his stock of goods to one J. W. Heard.   Thereupon Woolner & Lowenstein sued out an attachment against Fox and caused the same to be levied on this stock of goods, having first executed, on January 11, 1887, to E. C. Spaulding, the sheriff, an indemnifying bond.   The attachment suit was afterwards removed to the Federal Court at Aberdeen.   The stock of goods was sold soon after seizure as perishable goods and brought $1,398.52. In March, 1887, and while the attachment suit was still pending, J. W. Heard caused to be instituted, for his use, as assignee, this action in the name of E. C. Spaulding, sheriff, on the indemnifying bond, against Woolner & Lowenstein and the sureties on the bond, to recover damages for the unlawful seizure of the goods alleged to belong to him as assignee.

The fifth amended plea of defendants to this action was as follows: " Defendants say that said goods, wares and merchandise were levied on under and by virtue of said writ of attachment in favor of Woolner & Lowenstein against A. H. Fox, as the property of said A. H. Fox, when the said A. H. Fox was owing the said W. & L. the sum of $1,254, upon which the said attachment was sued out and issued, and was by said E. C. Spalding, sheriff, sold as perishable property, subject to immediate waste and decay, under and in pursuance of the directions of Sections 2462 and 2618, Code of 1880; and defendants aver that said

money, the proceeds of said sale, is now in the hands of said Spalding to await the determination of the attachment issue against said A. H. Fox, when the said plaintiff in this case can claim the proceeds of said sale in pursuance of the directions of the statute in such cases made and provided, and cannot recover in this cause the value of said goods." To this plea there was a demurrer which was sustained.

There was evidence for the plaintiff which tended to show that the goods when seized were worth $2,500.

On the trial counsel for the defendants asked a witness, L. D. Crump, "If a stock of general merchandise kept in a store and sold from for the space of four months during the busiest season of the year was as valuable as a stock newly bought from wholesale houses in St. Louis, Louisville, Mobile and other markets, and were there not in every stock so sold from a great many remnants of cloth and odd numbers of boots, shoes and clothing?" Counsel for the plaintiff objected to this question because it was incompetent and irrelevant, and because there was no evidence that this stock had been sold from for four months and no evidence that there were any remnants or odd numbers in the goods in controversy. The objection was sustained. The jury found for the plaintiff and assessed the damages at $2,500, and there was judgment accordingly. The defendants appealed.

*Woods & Williams,* for the appellants.

1. The sureties on the indemnifying bond stand in the place of the sheriff. The liabilities of the sheriff in the cause, so far as his acts are legal, is the liability of the sureties. If the sheriff, in making sale of the goods, was in the performance of an illegal act, an act that was in itself illegal, then the sureties are not liable for any damages that may have occurred by reason of the illegal act, for the obvious reason that they did not undertake to indemnify the sheriff against any damages that might be occasioned by him while in violation of the law. The plea sets up the fact that the goods were subject to immediate waste and decay, and it was by virtue of Section —— of the Code of 1880 that the sale was made. That the sheriff had the right to sell, provided the goods were " perishable ;" he not only had the *right* to sell, but it was his imperative duty to sell. If

he had not sold the goods, after the plaintiff in this case failed to bond them, and they had decayed or wasted, then he would, himself, have been liable to either the plaintiffs in the attachment suit or the plaintiffs in this suit, as the title might finally be determined.  If the sheriff had not sold the goods, they would still be in his hands to await the determination of the suit in the Federal Court; having sold them, the money represents the goods, and the plaintiff in this cause can replevy the money which represents the goods.'

Sections 2462 and 2463, Code of 1880.

There is no claim for damages in the declaration for an abuse of the discretion of the sheriff in selling the goods.

2. The plaintiff in this case is undertaking, by this proceeding, to establish a title to the goods in controversy by an independent suit.  If this action can be maintained, then Section 2633, of the Code of 1880, is rendered nugatory; for that section expressly says, that the action of replevin (which is an action to try the right to the possession and the title to the property) shall not be maintainable in any case of the seizure of property under execution or attachment, where a remedy is given to claim the property by making claim to it in some mode prescribed by law; but the person claiming must resort to the specific mode prescribed in such cases.  Our statute prescribes a mode by which such property may be claimed.

Section 1774, Code 1880.

3.  The testimony of witness Crump was plainly admissible and should have gone to the jury.

4.  If the sheriff was in error when he said this was perishable property, and was in error when he sold the same as subject to immediate waste and decay, and the plaintiff has been damaged by reason of this error in his judgment, it is a damage that is not covered by this bond, and the only verdict that can in any event stand against these defendants, would be a verdict for the amount that the goods were sold for, viz.: $1389.00.  The responsibility taken off of the sheriff is indemnity against any damages by reason of the illegal seizure and sale of the property not liable to the writ.  If the sheriff had not sold, the goods would still be there for the plaintiff, then certainly he could not

sue for the goods. The sheriff sold, the money is in the hands of the sheriff; if the writ was levied on the goods not liable to the writ, then the money stands in lieu of the goods, and this is all that the bond covers. In other words, if the sheriff had the right to sell, then the only verdict (granting everything else), that could stand would be a verdict for the amount that the goods sold for; and if the sheriff had no right to sell the goods as perishable property, then the verdict cannot be for a greater amount than the goods brought at the sale; because the bond does not indemnify the sheriff against any damages that may be occasioned by a sale of the property as perishable.

*Swain* v. *Alcorn*, 50 Miss., 320; *Shattuck* v. *Miller*, 50 Miss., 386.

*White & Fox* and *Barry & Beckett*, for the appellee.

1. The obligors in a bond of indemnity step into the shoes of the sheriff.

*Shattuck* v. *Miller*, 50 Miss., 392–393; *Swain* v. *Alcorn*, 50 Miss., 323–324; *Knight* v. *Nelson*, 117 Mass., 458.

And can be sued immediately on the sale or conversion of the property without the owner being under any obligation to take any steps in the attachment suit.

(5th Ed.) Drake Attachment, §196; Maples Attachment, p. 184, §8; 1 Waits, Acts and Def., p. 693; *Davis* v. *Newkirk*, 5 Denio, 92.

Our own Supreme Court say the owner has his election to intervene in the attachment suit, or to sue on the bond.

*Swain* v. *Alcorn*, 50 Miss., 324.

The defendants urge that if we recover on the indemnifying bond, and they lose the attachment suit, that we thereby get the property back, and also get the value of it from them. But the answer to this is that an election once made is final. That if we abandon the property and sue for its value, that we cannot afterwards claim the property. If we recover the value of the property from them, then the property becomes *ipso facto* theirs for a consideration paid.

*Howard* v. *Smith*, 12 Pick, 202; (3d. Ed.) 2 Hilliard Law of Torts, p. 235–236.

2. It is also claimed that §2633 of the Code of 1880, which

prohibits the action of replevin, makes the claimant's issue the exclusive remedy for property wrongfully levied, and we admit that section does provide that the claimant's issue shall be the exclusive remedy when we seek to *recover the specific property* pending the litigation ; but we are not seeking to recover the specific property, nor in any way to interfere with the jurisdiction or control of the proper Court over the specific property.

See *Leroux* v. *Hudson,* 109 U. S., 475–477.

3. It could not be tolerated that a man's property should be sacrificed in a litigation to which he was a stranger, and he be forced to take the proceeds of an illegal forced sale with which he had no connection and against his protest.  If that be the law, there would be swarms of speculators who would bring suits against each other, levy on other people's property, and buy it in at their own figures, and no man would be safe in his possessions.

The plaintiff is entitled to recover the *market* value at the time of taking, without regard to the price at which the sheriff sold the goods.

Hilliard Remedies for Torts, p. 419; *Whitfield* v. *Whitfield,* 40 Miss., 358–368; Wells on Replevin, § 479.

4. The ruling on the question also, whether there were not remnants in a stock of goods sold from for four months was right?  That was not the question.  The question was, whether there were any remnants in these goods?  Howarth had already said there were some remnants in the Fox & Co. stock of goods ; but did not say there were any in these goods.

COOPER, C. J., delivered the opinion of the Court.

The points principally pressed in argument by appellants are :

1. That where goods of a third person are seized under an attachment against another, the owner must interpose his claim thereto in the attachment suit, and can neither resort to an independent action of replevin, nor sue the sheriff as a trespasser, nor sue upon an indemnifying bond taken by him.

2. That if he may resort to any other remedy than the claimant's issue, he must in any event await the termination of the attachment suit before he may sue.

3.  That where an indemnifying bond is given to an officer levying an attachment, and the goods seized are by him thereafter sold as perishable property, the price realized at such sale is conclusive of their value as against the owner suing on the bond of indemnity.  Neither position is maintainable.

The first and second propositions arise from enlarging the language and purpose of Section 2633 of the Code which declares, "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment, when a remedy is given to claim the property by making claim to it by some mode provided by law; but the person claiming must resort to the specific mode prescribed in such case, and shall not resort to the action of replevin."

The sole purpose of this section was to prevent the possession of the officer from being disturbed by the institution of independent actions, and to draw into the suit in which the writ was issued all controversies the determination of which rest upon the right to the possession of the property seized.  An owner of the property is not precluded of any other remedy than that specifically forbidden by the statute, and that is prohibited only so long as the property is in custody of the officer.  The owner may, if he elects so to do, postpone action until after a sale is made, and then resort to his action of replevin against the purchaser.

*Armistead* v. *Bernard*, 62 Miss., 180.

The bond of indemnity operates to transfer from the sheriff to the obligors responsibility for the trespass of the officer.  It is a substitute for his liability and may be proceeded on as soon as the injury is inflicted and a consequent cause of action has arisen.

*Leroux* v. *Hudson*, 109 U. S. R., 475; *Shuff* v. *Morgan*, 9 Martin, 592.

It is true the owner may at his election interpose a claim to the property under the statute; but he is under no obligation so to do.  He has no concern with the action in which his property has been seized, and is under no coercion either to intervene in it or to await its result.

*Swain* v. *Alcorn*, 50 Miss., 323; *Shattuck* v. *Miller*, 50 Miss., 386.

Nor is it true that the price realized at the sale by the officer is conclusive against the owner. As to him all the proceedings in the attachment are *res inter alios acta.* His right is to be recompensed for the injury he has suffered, and that is to be arrived at by the real value of his property converted, and not by what it has brought at a sale to which he does not assent.

Other errors assigned are disposed of by the recent decision of *Goodall, Fite & James* v. *Stewart, ante.*

The testimony of the witness Crump was properly excluded. The question propounded was not whether the goods seized were worth the estimate placed on them by the other witnesses, but whether a stock of goods from which sales had been made from time to time in the usual course of business would be as valuable as one fresh from the wholesale markets. The levy in this case was not made upon all the goods in stock, but upon particular articles. There was no evidence to show that the goods levied on consisted of odds and ends of the stock, nor that there were mis-mated shoes and boots as the question implied. The question was based on a hypothetical condition of things not shown to exist, and was therefore incompetent.

*The judgment is affirmed.*