L. W. REDUS ET AL. v. THE STATE, USE OF W. S. BOWDRY.

1. SHERIFF. *Liability for illegal levy and failure to levy. Bond of indemnity.*
   The sheriff's liability for failure to levy an execution and for an illegal levy, at common law, and as affected by the bond of indemnity under §§ 844, 845, Code 1871, discussed and authorities cited.

2. SAME. *Liability where no bond of indemnity is taken.*
   If the plaintiff points out the property in the defendant's possession, it is *prima facie* subject to execution; and, if the sheriff fails to demand a bond of indemnity, and does not levy, he assumes the burden of proving that the property belongs to a third person, or is exempt.

3. SAME. *Measure of damages in suit by plaintiff in execution.*
   In a suit against the sheriff and the sureties on his official bond for failure to levy, as required by the plaintiff in execution, the latter can recover the value of the property and interest, not exceeding the amount of his demand.

4. SAME. *Loss of papers in suit in which execution issued.*
   In such a suit, if it is shown at the trial that the original papers on which the judgment from which the execution emanated are lost, they may be proved by parol; and, in the absence of better evidence of notice, the defendant's appearing and contesting the suit will support the judgment.

ERROR to the Circuit Court of Prentiss County.

Hon. J. A. GREEN, Judge.

*George E. Harris*, for the plaintiffs in error.

1. The sheriff was not liable, if he proved that the property was exempt or not liable to execution, although he took no bond of indemnity. *Taylor* v. *Wimer*, 30 Mo. 129; *Bell* v. *Commonwealth*, 1 J. J. Marsh. 553.

2. The failure to prove the value of the property is fatal. The amount of the recovery to which the plaintiff is entitled in a case like this, is the value of the property and interest.

3. The judgment in the Justice's Court was void, no process or other papers being on file; and so the sheriff was not bound to levy the execution. A record cannot be supplied by parol. *Dogan* v. *Brown*, 44 Miss. 235; *McKnight* v. *Dozier*, 44 Miss. 606; *Laura* v. *State*, 26 Miss. 174; *Friar* v. *State*, 3 How. (Miss.) 422; *Goodwyn* v. *State*, 4 S. & M. 520, 535; *Cachute* v. *State*, 50 Miss. 165.

No counsel for the defendant in error.

SIMRALL, C. J., delivered the opinion of the court.

This suit was brought by the usée, W. S. Bowdry, against L. W. Redus, late sheriff of Prentiss County, and the sureties on his official bond, alleging, as cause of action, the failure of Redus to levy upon and sell the property of W. S. Ragan, to satisfy an execution in his hands as sheriff, founded on a judgment in favor of the plaintiff, obtained before a justice of the peace. The testimony adduced on the trial tended to prove that Bowdry pointed out to the sheriff about twelve hundred pounds of cotton in the seed, corn in a crib, not exceeding one hundred and fifty-seven bushels and not less than fifty, and some fodder in a stack. This property was on the premises occupied by Ragan and his family. It also tended to prove that part of it was exempt from execution, and so claimed by the judgment debtor; and that the cotton did not belong to him, but to another person. There was no testimony as to the value of any of the property. The sheriff did not levy. He did not demand a bond of indemnity, nor did Bowdry tender one. The theory of law propounded to the jury as the measure of the plaintiff's right is in the first instruction given at his request. It is in effect, "that if he pointed out property of the defendant, and the sheriff failed to levy, he thereby made himself responsible, and cannot defend himself in this action, under such circumstances by showing that the property was exempt." The language is somewhat obscure; but, taking the words in the sense intended, the idea conveyed to the jury was, that the sheriff was obliged to levy on the property indicated, inasmuch as he did not demand indemnity, as he might have done; and his failure to seize and sell the property made him responsible, although it was exempt from execution. The words are, "he cannot defend himself . . . under such circumstances by showing that the property was exempt."

At common law the sheriff was bound by the judgment he formed as to the ownership of property and its liability to execution. If he failed to levy on personal property which was really subject to the writ, on the mistaken opinion that it was not so liable, the creditor could hold him responsible for the consequences. If he took under the writ property which did not belong to the debtor, believing it liable,

the owner could treat him as a trespasser. The courts attempted to protect their officers, as far as they could, in all cases of well-founded doubt as to the ownership. The method was to enlarge the time for the return of the writ, until the sheriff could, by full investigation, determine whether to levy or not, or until the title could be adjudicated in a competent court, and until the plaintiff would indemnify him for seizing and selling, and the claimant for releasing, the property. Watson on Sheriffs, 195, 197; Freeman on Executions, § 275.

Better protection is furnished by our statute. Code 1871, §§ 844, 845. The bond under the statute shifts the responsibility of an illegal levy from the sheriff to the obligors, " unless the obligors in said bond shall be or become insolvent, or the bond be otherwise invalid." See *Swain* v. *Alcorn*, 50 Miss. 320. The sheriff may demand the bond when " *doubt* shall arise as to whether the right to such property is in the defendant or not." But if the sheriff is satisfied that the " right " is not in the defendant in the sense of liability to the execution, and *the fact* is so, is he responsible to the creditor for not levying, because he did not demand a bond of indemnity ? Plainly, the statute did not intend that the sheriff should be compelled to do an illegal act, as by seizing the property of A. under an execution against B., because the creditor would assume the consequences, if called upon. The bond may be demanded by the sheriff in case of " doubt." This doubt may be suggested by his own knowledge of the condition of the property, or from information, as by the assertion of right by a third person. But if he assumes the responsibility of declining or failing to levy where the property apparently belongs to the defendant, — as where it is in his possession, or where he might have found it by reasonable diligence, and especially where he so declines or neglects, after property has been pointed out by the creditor in the debtor's possession, — he is liable, unless he can show that the property is not subject to the execution. If the debtor is in possession of personal property, a *prima facie* title in him appears. Here, the creditor went with the sheriff on the defendant's premises, and pointed out cotton and corn. The failure of the sheriff to levy, if nothing else appeared, would devolve on him liability for the plaintiff's debt, if the property

were worth so much. But this presumptive case might be overcome by proof that the cotton was the property of some other person, and that the corn was exempt from execution.

But the court went further, and told the jury that if the property was exempt it was no defence. That was error. It is just as much a trespass in a sheriff to levy on and sell exempt property, as it would be to seize and sell the property of a stranger. When the statute declares that certain property shall be exempt from seizure and sale under legal process, the officer who violates the statute is a trespasser, and his purchaser would not get a title. *Smith* v. *Allen*, 39 Miss. 469; *Moseley* v. *Anderson*, 40 Miss. 49. In Pennsylvania, under statutes analogous to ours for all the purposes of the question involved, the court, in *Commonwealth* v. *Watmough*, 6 Whart. 117, 140, refused its assent to the proposition urged for its acceptance, that, if the creditor in the execution offered to indemnify the sheriff, he was bound to proceed and sell, whether the defendant was owner or not; and announced the rule, that, if the creditor pointed out property, the sheriff was bound to take it, if in reality *it be the defendant's*, — though it might be doubtful at the time whether it was so or not, — if the plaintiff offered to indemnify him. If the sheriff, in such circumstances, refuses to act, he takes the risk of showing, if sued afterwards by the plaintiff, that the property did not belong to him. See *Commonwealth* v. *Vandyke*, 57 Penn. St. 34, 38. In *Hamblet* v. *Herndon*, 3 Humph. 34, 37, it was remarked by the court that the issue was whether Cook, the judgment debtor, " had property on which the execution might have been levied." " The fact that an indemnifying bond was given would not make " the slave the property of Cook, " if it were not so before its execution."

The rule by which the rights of these parties should have been measured is this : that the property pointed out to the sheriff in the possession of the defendant in execution raised the presumption that it was his, and subject to the execution ; and that the *onus* was thereby devolved on the defendants in this suit to prove property in some other person, or that it was exempt to the defendant in execution from seizure and sale. The defendants in this suit would in no event be liable beyond

the value of the property and interest, and that not beyond the plaintiff's demand. Hence the necessity of the proof of value.

It was shown that the original papers in the suit before the justice of the peace were lost. It was admissible to prove them by parol. If no better evidence of notice to the defendant in that suit could be shown than his appearance and contestation of the plaintiff's right to recover, that would be sufficient to support the judgment.

For the error in the instruction to the jury,

*Judgment reversed and new trial awarded.*