167 So.2d 889 (1964)
Coley WASSERBURG, Appellant,
v.
COASTAL ALUMINUM PRODUCTS CONSTRUCTION CO., Inc., a Florida corporation, Appellee.
No. 4172.
District Court of Appeal of Florida. Second District.
October 9, 1964.
*890 Stanley Haves, Miami, for appellant.
Harry A. Blair, Fort Myers, for appellee.
SMITH, Chief Judge.
This appeal involves facts wherein the defendant-appellee purchased all of the assets of a debtor of the plaintiff-appellant without complying with the bulk sales statute, Fla. Stat. 726.04, F.S.A. The appellant, plaintiff in the trial court, sought a money judgment against the appellee, defendant below, in an action at law on the debt which he asserted appellee had assumed by operation of law as a result of his non-compliance with the statute. The court, after final hearing on the merits without a jury, entered a final judgment for the defendant on the ground the plaintiff had failed to establish his cause by a preponderance of the evidence. We affirm.
There is no material controversy as to the facts. The defendant contracted for the purchase of the business and assets of Thymen Nooitgedagt who, unknown to the defendant, was indebted to the plaintiff for goods constituting a part of the assets transferred. There was valuable consideration for the transfer; there was an attempt by the defendant to comply with the statute in that an affidavit was obtained from the seller Nooitgedagt to the effect he had no creditors; but the affidavit was made after partial payment; there was no actual knowledge on the part of the defendant of the existence of the debt; there was no showing Nooitgedagt was in fact insolvent and there was no evidence as to whether the goods in question were or were not in the hands of the defendant.
It is the appellant's position that where there is a failure to strictly comply with the bulk sales statute in any transfer covered thereby the buyer by operation of law assumes the debts and obligations of the seller and may be sued at law for a personal judgment therefor. This is a misconception of the effect of a purchaser's failure to comply with the bulk sales law, which provides that a non-complying transfer within the law, "shall as to any and all creditors of the vendor, be presumed to be fraudulent." Fla. Stat. 726.04, F.S.A.
Three questions arise:
(1) Is the presumption of fraud raised by the Florida Bulk Sales Statute conclusive *891 or rebuttable?  Or, stated differently, is the statute a substantive or an evidentiary rule of law?
(2) Does failure to strictly comply with the bulk sales statute, absent any other showing, give a general creditor of the seller a right to recover at law a personal judgment against the purchaser?
(3) If it appears that a litigant has mistakenly selected his remedy and has proceeded at law, is it reversible error for the court to fail to transfer on its own motion the cause to the equity side of the court?
Most of the states have enacted bulk sales laws. In at least twelve states the effect of such statutes is to raise a conclusive presumption of fraud when there is non-compliance, thus in effect making them substantive law. Non-compliance with these statutes, even in the face of a showing of good faith, makes the transaction void. Kline v. Sims, 1927, 149 Miss. 154, 114 So. 871.
In Florida, however, the Supreme Court has ruled that the presumption raised is a rebuttable one. In Goldstein v. Maloney, 1911, 62 Fla. 198, 57 So. 342, the court ruled:
"The statute merely provides that a sale without compliance with its requirements `shall as to any and all creditors of the vendor, be presumed to be fraudulent.' This is only a prima facie presumption raised from the relevant facts, and the presumption may be rebutted by due procedure under the law."
The effect of such a prima facie presumption is summarized in Greyhound Corp. v. Ford, Fla.App. 1963, 157 So.2d 427:
"[A] presumption simply changes the order of proof to the extent that one upon whom it bears must meet or explain it away, and when such explanation is made, the duty is upon the plaintiff to take up the burden which the law has cast upon him and sustain the issue by a preponderance of the evidence."
See also Annot. 51 A.L.R. 1139 (1927); 75 A.L.R. 675 (1931).
The record in the present case reveals that the defendant came forward with evidence of a good faith transfer and established that there was no express assumption of the debts and obligations of the seller. The court found this met and explained away the presumption of fraud. The burden was then on the plaintiff, unaided by any presumption, to prove his issue by a preponderance of the evidence which he failed to do.
The Florida statute does not spell out the remedies available thereunder. Into this area would be summoned those remedies available to defrauded creditors generally and those applicable to fraudulent conveyances. Execution, attachment, garnishment and relief in equity would all lie. The more common remedy is an action in chancery to have the sale set aside or the following of the goods if they have not been disposed of. 24 Am.Jur., Fraudulent Conveyances, § 261; Vold, Law of Sales, 2d Ed. 410; Weisner, Florida Bulk Sales Law, U. of Miami L.Rev. 197 (1958); Annot. 83 A.L.R. 1140 (1933).
In some states the statutes provide, or have been interpreted to provide, that a purchaser who fails to comply therewith takes the goods as a trustee or receiver for creditors and if he disposes of or so commingles the goods that they cannot be traced, a personal judgment may be had against him. Douglas Fir Lumber Company v. Star Lumber Company, 1921, 27 N.M. 403, 201 P. 867, 41 A.L.R. 1474 (1926).
There is, however, no such provision in the Florida statute and a creditor seeking to recover thereunder must find his remedy among those available to defrauded creditors generally. In his attempt to so recover the creditor receives only the *892 benefit of presumption of fraud, which if met with evidence of good faith on the part of the purchaser places on the creditor the burden of proving fraud by a preponderance of the evidence. No conclusive presumption that the buyer assumes the obligations of the seller arises by virtue of non-compliance with the statute, which would entitle a creditor to a personal judgment against him.
Plaintiff's suggestion on appeal that the court should have transferred this cause to the chancery side of the court and proceeded to grant equitable relief comes too late in view of the fact no such motion was made in the trial court. An appellate court will not find a trial court in error on any matter where a ruling was neither sought nor obtained. Lee County Oil Co. v. Marshall, Fla.App. 1957, 98 So.2d 510; Smith v. Designers Industries, Inc., Fla. App. 1959, 109 So.2d 776.
The judgment is affirmed.
SHANNON and KANNER (Ret.), JJ., concur.