368 So.2d 836 (1979)
The TRAVELERS INDEMNITY COMPANY
v.
FIRST NATIONAL BANK OF JACKSON and the Mississippi Bank.
No. 51044.
Supreme Court of Mississippi.
March 14, 1979.
*837 Daniel, Coker, Horton, Bell & Dukes, Thomas H. Suttle, Jr., Jackson, for appellant.
Cox & Dunn, Vardaman S. Dunn, Thompson, Alexander & Crews, Thomas R. Crews, Jackson, for appellees.
Before SMITH, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
On June 22, 1976 the First National Bank of Jackson filed a creditor's bill[1] against Neely Bros. Construction Corp. in the Chancery Court of the First Judicial District of Hinds County. The Travelers Indemnity Company and The Mississippi Bank were permitted to intervene. Travelers asserted its claim had priority over the claim of First National. The Mississippi Bank sought the same relief as First National.
The court appointed a receiver on the complaint of First National who liquidated the assets of Neely Bros. and filed his final account with a cash balance of $65,215.26 after provision for preference claims. The chancellor ruled that First National acquired a lien under section 11-5-75 on the date it filed its suit and was entitled to be paid first from the proceeds remaining in the hands of the receiver. The total claim of First National exceeded the balance held by the receiver so a final decree was entered in favor of First National for the balance held by the receiver.
*838 On direct appeal Travelers contends that the court erred by not giving its claim priority over the claim of First National. In the alternative, Travelers contends that the funds held by the receiver should have been distributed pro rata to First National, Travelers, and The Mississippi Bank.
On cross-appeal The Mississippi Bank agrees that Travelers' claim was not entitled to priority, but it (The Mississippi Bank) should share pro rata with First National in the funds held by the receiver. First National filed a cross-appeal, but we do not reach the question presented in its cross-appeal because we have concluded that the trial court properly held that its lien was effective from the date its bill of complaint was filed.

DID TRAVELERS HAVE A PRIORITY CLAIM?
Travelers bound itself as surety for Neely Bros. Construction Corp. to the Board of Supervisors of Hinds County in the amount of $4,491,392 on a performance bond and in the amount of $2,245,696 on a labor and material payment bond in connection with the construction by Neely Bros. of a detention facility for Hinds County. Travelers required Neely Bros. to execute a general agreement of indemnity as a prerequisite to the execution of the above bonds and based its claim to priority on a financing statement filed June 14, 1976 with the indemnity agreement attached.
Travelers' claim was not based on its right of subrogation as a surety because none of the funds held by the receiver represented funds to which Travelers would be subrogated. Travelers' right of subrogation as a surety is not subject to the filing requirements of the Uniform Commercial Code. Travelers Indemnity Co. v. Clark, 254 So.2d 741 (Miss. 1971). However, Travelers' claim was a financing transaction subject to the filing requirements of the Uniform Commercial Code.
The trial court held that Travelers' financing statement with its attachment was not signed as required by section 75-9-402(1) Mississippi Code Annotated (1972) which provides, in part:
A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral ... A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties.[2]
The financing statement filed by Travelers did not contain the signature of the debtor and the indemnity agreement filed as a security agreement did not contain the signature of the secured party. The signature of the debtor on the security agreement did not cure the deficiency of failing to have the debtor sign the financing statement, neither did the signature of the secured party on the financing statement cure the deficiency of the failure of the secured party to sign the security agreement. The deficiency in each of the documents was not cured by stapling them together and filing them as one instrument. We hold that the trial court was correct in its ruling that Travelers did not perfect its lien by filing the financing statement with the security agreement attached.
First National argues that the indemnity agreement was not sufficient to constitute a security agreement; however, we do not reach this question because the financing statement and security agreement were not signed as required by the Uniform Commercial Code. It is not necessary for a decision under the facts of this case to determine whether the indemnity agreement constituted a security agreement under the Uniform Commercial Code.

*839 WERE TRAVELERS AND THE MISSISSIPPI BANK ENTITLED TO PRO RATA DISTRIBUTION?
Both Travelers and The Mississippi Bank argue that they were entitled to pro rata distribution of the funds in the hands of the receiver because they joined in the creditor's suit originally filed by First National. In Kline v. Sims, 149 Miss. 154, 114 So. 871 (1928), we held:
We think the creditor who proceeds under this statute is entitled to the benefit of his diligence, and that, under the language of the statute, he has a lien upon the property sold on this sequestration. He is not required to bring suit on behalf of all the creditors, but may sue for his own demand and get the benefit of his diligence. Creditors who will not act, or who are not diligent in asserting their demands, are not entitled to participate equally with the man who is diligent, and who has incurred the risk and expense of proceeding to attack a fraudulent conveyance. If other creditors intervene in the suit, they may, by so doing, take their places in line with creditors according to the date of their proceedings, but they are not entitled to share in the proceeds of the first creditor's diligence and activities, and such creditor is entitled to have his claim first paid. If other creditors desire, they may attack, or sue out writs of sequestration, or take any other appropriate action; but they must do so at their own risk, and they are not entitled to participate in the activities and diligence of the creditor who first takes action. (149 Miss. at 163, 164; 114 So. at 873). (Emphasis Supplied).
In Davis v. Polk Financial Service, 242 Miss. 419, 135 So.2d 175 (1961) we held that a creditor who files a suit to set aside a transfer in fraud of creditors, or an equivalent proceeding to impose a lien on property, under section 1327 Mississippi Code Annotated (1942) [now section 11-5-75 Mississippi Code Annotated (1972)], has a statutory equitable lien dating from the commencement of his suit.
The trial court correctly held that First National was entitled to be paid first from the funds in the hands of the receiver.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Creditors bills are authorized by section 11-5-75 Mississippi Code Annotated (1972) which follows:

The chancery court shall have jurisdiction of bills exhibited by creditors who have not obtained judgments at law, or, having judgments, have not had executions returned unsatisfied, whether their debts be due or not, to set aside fraudulent conveyances of property, or other devices resorted to for the purpose of hindering, delaying or defrauding creditors; and may subject the property to the satisfaction of the demands of such creditors as if complainants had judgments and execution thereon returned `no property found.' Upon such a bill, a writ of sequestration or injunction, or both, may be issued upon like terms and conditions as such writs may be issued in other cases, and subject to such proceedings and provisions thereafter as are applicable in other cases of such writs; and the chancellor of the proper district shall have power and authority to grant orders for receivers, in same manner as if the creditor had recovered judgment and had execution returned `no property found.' The creditor in such case shall have a lien upon the property described therein from the filing of his bill, except as against bona fide purchasers before the service of process upon the defendant in such bill.
[2] Section 75-9-402 was amended by Miss.Gen. Laws Ch. 452, § 25 (1977) to provide that a financing statement is sufficient if it is signed by the debtor, and that a security agreement is sufficient as a financing statement if it is signed by the debtor. The section contains other amendments not pertinent to this litigation.