**In re GOLD RUSH EAST, INC., Debtor(s).**

**Daniel L. BAKST, Trustee, Plaintiff,**

**v.**

**Leonard VONO d/b/a Precious Metal Exchange, Defendant.**

**Bankruptcy No. 84–01837–BKC–TCB. Adv. No. 85–1087–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 25, 1985.

Leslie Gern Cloyd, West Palm Beach, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks judgment for $6,108 against Leonard Vono based upon the avoidance of a bulk sale pursuant to 11 U.S.C. § 544(b) and *Florida Statutes* Ch. 676. The matter was tried on October 15.

The debtor operated a retail jewelry business next door to the defendant. In August, 1984 the debtor sold substantially all of its inventory and some equipment to the defendant for $5,108 and $1,000 respectively. It is undisputed that the sale was not in compliance with the Uniform Commercial Code-Bulk Transfers, *Fla.Stat.* Ch. 676.

U.C.C. § 6–104(1), *Fla.Stat.* § 676.104(1) provides:

"Except as provided with respect to auction sales (S.676.108), a bulk transfer subject to this Chapter is ineffective against any creditor of the transferor ..."

The defendant's position is that failure to comply with this law raises only a rebuttable presumption of fraud which can be overcome by contrary evidence. I disagree.

I have not overlooked the case cited by defendant in support of its position. The court in *Wasserburg v. Coastal Alu-*

---

**5.** See note 4, *supra.*

**6.** See *Matter of Isis Foods, Inc.,* 19 B.R. 329 (Bkrtcy.W.D.Mo.1982), affirmed, 27 B.R. 157 (W.D.Mo.1982).

*minum Products Construction Co.,* 167 So.2d 889, 890 (Fla.Dist.Ct.App.1964) reached its conclusion as to the effect of a purchaser's failure to comply with the bulk sales law in reference to *Fla.Stat.* § 726.-04, which has since been repealed. In *Merit Clothing Co. v. Lees,* 218 So.2d 779, 781 (Fla.Dist.Ct.App.1969) the court drew specific attention to the repeal of *Fla.Stat.* §§ 726.01–726.06 and the adoption of the U.C.C. in Florida, effective January 1, 1967. In *Merit,* as in *Wasserburg,* the former law governed the transaction. In *Wasserburg,* at 891, the distinction was clearly drawn between the presumption of fraud under the former law as it existed then in Florida and the law in other states where the effect of non-compliance with bulk transfer statutes raises a conclusive presumption of fraud:

> "Non-compliance with these statutes, even in the face of a showing of good faith, makes the transaction void."

The language in the current Florida statute that the non-complying bulk transfer is *ineffective* against any creditor of the transferor is conclusive. Therefore, it is not necessary to consider defendant's version of the facts regarding its intention and the debtor's purported emergency need for cash. A bulk sale transferee's good faith is no defense and strict accountability for the transferred goods is imposed. *Murdock v. Plymouth Enterprises, Inc. (In re Curtina International, Inc.),* 23 B.R. 969, 980 (Bankr.S.D.N.Y.1982).

Under § 544(b), the trustee may avoid any transfer that is voidable under applicable state law by a creditor. Accordingly, this transfer in violation of *Fla.Stat.* § 676.104(1) is ineffective against the trustee. *In re Rome Furniture Mart, Inc.,* 20 U.C.C.Rep. 1009, 1011 (N.D.Ga.1976).

The court in *Murdock* at 979 set forth the measure of damages:

> "the transferee ... will be liable to the creditors to the extent of the fair value of the goods disposed of or converted by the transferee ... Section 550 of the Bankruptcy Code similarly allows the

trustee to recover the value of the property transferred."

It follows that the trustee is entitled to recover from the defendant the sum of $6,108 which is the fair value of the transferred goods. As is required by B.R. 9021(a), judgment will be entered in accordance with this memorandum decision.